Our third case, Pinno v. Wachtendorf. Mr. Rowiecki. May it please the court. Multiple paths lead to habeas relief for petitioners Nancy Pinno and Travis Seaton, but the clearest path is that their public trial rights were violated and there's no procedural default because the requirement to object is not a firmly established rule. I represent Ms. Pinno, whose public trial right was violated when the trial judge... Counsel, let me tell you what my decision of the Supreme Court of the United States clearly establishes that there is no need, that there is no procedural bar, that is, that objection is irrelevant. Because under 2254 D1, the only law clearly established by the Supreme Court counts. So it seems to me that when you begin by saying, well this this procedural rule isn't properly established, you've got the shoe on the Supreme Court clearly established that a state can't have a contemporaneous objection requirement. Two responses to that, Your Honor. First of all, 2254 D1 does not apply to the question of the procedural adequacy of the requirement to object. The Supreme Court held otherwise in Glebe against Frost. So, right... I'm not familiar with that decision, Your Honor, but... Glebe against Frost was a case that the Supreme Court held that on that procedural question, 2254 D1 says that only a decision of the Supreme Court of the United States clearly establishing, etc., counts. So, yeah, we know from Glebe that 2254 D1 does apply to procedural decisions. So, back to my question. Sure. So, and again, there are still two responses. First, there is clearly established law that a fundamental trial right cannot be waived simply by not objecting. But this Court need not even reach that because not only is... Okay. What decision of the Supreme Court do I go to read that it is now clearly established that a state cannot have a contemporaneous objection rule for public trial issues? For example, Johnson versus Zerbst says that the Supreme Court... Johnson against Zerbst has nothing whatever to do with a contemporaneous objection rule or with public trial issues. Your Honor, the reason... It has to be clearly established and made concrete. You know, the definition of waiver in Johnson against Zerbst does not resolve all issues. It didn't abolish the contemporaneous objection doctrine globally. Is there any such case? You know, I looked for it. I couldn't find it. If your best case is Johnson against Zerbst, I think you've got big trouble. Well, Your Honor, first answer is just a clearly established law point. But then first to mention that this Court need not reach that because the requirement to object is also inadequate because it's not firmly established. But even on the inadequacy for not being consistent with the Constitution, this contemporaneous objection rule is not like contemporaneous objection rules usually, such as in federal court, where it's forfeiture and there's still some review. Here, the Wisconsin Supreme Court treats merely not objecting as waiver. And that's something different because multiple Supreme Court cases have said, for example, in Carley versus Cochran with the right to counsel in Barker versus Wingo with the right to a speedy trial, that fundamental trial rights cannot be waived through silence. And that's really what's happening here. It's waiver. The Wisconsin Supreme Court did not find that there was no contemporaneous objection unless there were some stricter standard of review. Would it have been all right if the judge had said that any part of the audience that wasn't, you know, would be put in another room and they'd have a TV so they would actually see the voir dire? Would that suffice? Make everybody happy? Yes, Your Honor. Yes. No one suggested that. No one suggested that and the trial court did not consider any alternatives. Because the trial court did not consider any alternatives before ordering the public out, the violation occurs at that moment. That's why there's a violation here. The judge, simply without any explanation, ordered her friends out and then ordered the entire public out of the courtroom. And because there's that violation that goes against the clearly established law of Presley versus Georgia, habeas relief is due here. But the lawyer dropped the ball by not asking for some arrangement that would allow the courtroom to be packed with the 93 prospective jurors but allow the family or whoever, whatever, to see the voir dire. You're right, Your Honor. The lawyer definitely did drop the ball. But even if no one asks, Presley held that the trial court must consider reasonable alternatives. Here the trial court did not. And the trial court even explained that it encouraged people to leave. What about this business about the doors? I didn't get this. The door was not locked. But was there any room for people to come in? Or these 93 jurors got winnowed out and so the room became emptier and so family or what have you could come in because the door wasn't locked? Your Honor, the record shows there was 83. The record shows I believe that there was 83 or around 80 potential jurors brought into the courtroom. And then once some were sat into the jury box, there was two pews available in the back of the courtroom. So even if the judge had gone through the Waller test and tried to consider reasonable alternatives, there would have been room for people to come in. But this court need not even reach that because the violation occurs at the moment. The judge orders the public out without justifying that exclusion. And this court can reach the constitutional violation. But I'm just puzzled by this business of the door to the courtroom not being locked because he says he wants the public, we'll call them the non-potential jurors, wants them out. But this reference to the door not being locked suggests that they could come back in? Your Honor, the Wisconsin Supreme Court relied on that fact that was raised in the post-conviction hearing, the fact that the courtroom door was not locked, as evidence there was no violation here. And that's where the unreasonable application comes in because the Wisconsin Supreme Court looked only to evidence occurring after the unconstitutional exclusion orders. The Wisconsin Supreme Court relied on three facts. The courtroom door was not locked. Some people reentered during voir dire and the judge never reiterated his exclusion orders during voir dire. And the judge what? The judge never reiterated his exclusion orders during voir dire. He actually said that if he had noticed people come in, he may have addressed it. The court discussed those facts but didn't address the public trial right violation that was alleged based on the forfeiture. The court was asked by the Court of Appeals to decide whether forfeiture analysis applied or whether waiver analysis was required in this situation and decided that the public trial right claims had been forfeited by a lack of contemporaneous objection in either of these cases and then went on to decide the merits of the Strickland claim in both cases. So we do have a procedural default here, and the only question is whether the court's resolution of the constitutional question about whether forfeiture doctrine is unconstitutional in this context and there must be a knowing and voluntary relinquishment waiver on the record of the public trial right. And that's an issue that we give EDPA deference to. Your Honor, this question does not need to reach the constitutional issue. The state focuses on it in its brief. But to be adequate, not only does a rule have to be constitutionally proper, it also must be firmly established. And it is. The forfeiture doctrine is very firmly established in Wisconsin, as in other jurisdictions. Pino and Seaton were asking for exceptions to that doctrine for this particular constitutional right, and that was the question before the court. And the court said, no, we're going to apply the forfeiture rule, listed several reasons for that, and then held both defendants to the forfeiture. So that's a procedural default. Your Honor, I respectfully disagree that it's not firmly established here. The Court of Appeals was so unsure whether there was a requirement to object or whether the right should be treated as protected from forfeiture that it had to certify that question to the Wisconsin Supreme Court. And the Wisconsin Supreme Court, in the most recent opinion before this one, even said that, even raised the possibility that there was no requirement to object. That decision that you're referring to just punted the question about whether there should be an exception to the forfeiture doctrine for the public trial right because of the lack of a record before the court. Here there was a record. Granted, it was made post-conviction by only one of the defendants, but there was a record, so the question was framed whether there should be an exception to the forfeiture doctrine for the public trial right issue. And the court said, no, we're not going to recognize an exception here for these reasons. Your Honor, I don't think the right way to look at it is as an exception to a general rule. The way the Wisconsin courts have looked at the protection owed to constitutional rights is on a right-by-right basis. And so other Sixth Amendment rights were protected from forfeiture simply by not objecting. The Wisconsin Court of Appeals did not treat this as an exception. No, forfeiture applies to all kinds of constitutional issues in Wisconsin, just as it does in other jurisdictions. And some trial rights are accepted and get the more robust protection of the waiver doctrine, that there has to be a knowing and voluntary relinquishment of the constitutional right on the record, imposing some duties on the trial judge. But everything else is capable of being forfeited. So they were asking for an exception. And, Your Honor, even if this court does look at it as an exception, it still was not clear whether there was an exception or not. And if there's not a firmly established rule, if— The forfeiture rule is firmly established and regularly applied. And the question is whether waiver doctrine would supplant it in this particular context. And that question was unanswered. But the presumption is waiver—I'm sorry, forfeiture. Your Honor, when this court has looked at whether a rule is firmly established, even if there is a general rule, if a court applies it, if a court is dealing with a new situation, for example, in Dovecchio v. Illinois Department of Corrections, the rule that wasn't firmly established was, if you plead guilty, your claims are waived. But when a new situation came up, this court held it was not firmly established because Wisconsin Supreme Court had not addressed it. Here, the Wisconsin Supreme Court says it had not yet determined this issue. So I don't believe it's correct to say this rule is firmly established and should be held against petitioners. I'll cede the rest of my time to Court Counsel. Okay, thank you, Mr. Roweck. Mr. Donovan? May it please the Court, I'm Attorney Chris Donovan. I represent Mr. Seaton. To follow up on Judge Easterbrook and Judge Sykes' concerns, we know two things about the Sixth Amendment right to a public trial. Number one, it's a fundamental constitutional right that's well established in Oliver, Waller, Presley. So there's three Supreme Court cases that firmly establish that. The second thing that we know is it's a right primarily for the benefit of the accused and is personal to them. And, again, this is a Supreme Court case, Gannett County v. DePasquale. So even though Johnson v. Zerp, which is a case that deals with what it takes to do waiver, it's not a public trial case, and it's not necessarily a forfeiture case, but it talks about to – it governs what it takes to waive a fundamental constitutional right that's personal to a defendant. And that case says it indulges every reasonable presumption against waiver of a known right, and it will not presume acquiescence in the loss of such a right. And in a later Supreme Court case, this is Carnley, the Court said that a waiver cannot be based on a silent record because anything less is not waiver. And so that's why we do think Judge Easterbrook, those cases – rule for all constitutional issues. I think for any constitutional issue that is fundamental – That's certainly not what we have understood it to do. Does any circuit read Johnson v. Zerp as saying it is not possible to have a contemporaneous objection rule for any constitutional question? I'm not aware of any other circuits that hold that, but I think – Indeed, the Supreme Court, since Johnson v. Zerp, has enforced contemporaneous objection rules for constitutional issues. Not on these facts and not on this particular public trial issue. It has never said one way or the other whether there is a contemporaneous objection rule or states can have one for the public trial issue. I can easily imagine saying, no, you can't enforce such a rule because the public, as well as the defendant, is also a beneficiary and the public is not well represented in this process. I can easily understand that. But so far as I can see, it hasn't said that yet. Well, again, I think Johnson v. Zerp does speak to that because it talks about what it takes to waive a fundamental constitutional right that's personal to the defendant and it can't be silenced. And that's exactly what happened here. I don't think it's true. Okay. I see – I don't think there is a right to a public trial. Because in most, in federal courts, in our court, there's no televising of the hearing. And so the only public are people who squeeze into the audience section, right? Your Honor, all I can say is I think if you read Oliver, Waller, and Presley, it's pretty clear there is a right to a public trial under the Sixth Amendment. And, again, Gannett County – But there isn't, right? Because most federal courts, in any event, most of the public is excluded from being the – being an audience for the judicial proceeding. My red light's on, but they can be there in person if they want to and they also have access to the proceedings through the press that can attend and report on it. Pardon me? They can attend if they want in person. That's the right. It doesn't have to be on television. No, they can attend if they want to unless they happen to be, you know, in the same town or something like that and there's room in the courtroom for them. Otherwise, they can't participate. Their right is also protected through the press who can cover the hearing and report on it. No, that's not the same thing, right? Otherwise, how could your clients complain? They can read about the newspaper, right? But they don't regard that as a satisfactory alternative, the actual presence in the courtroom. All right. I think that the cases I cited speak otherwise.  Okay. Well, Mr. O'Brien? May it please the Court. Assistant Attorney General Daniel O'Brien appears on behalf of the respondents. Defense attorneys need never object to the public trial right and, in fact, it would be foolish for them to do so because it would jettison a windfall automatic reversal on appeal if their objection is sustained and these few members of the public are allowed in. That is what counsel for the petitioners is arguing in essence here, that that result is dictated by Waller v. Georgia and Pressley v. Georgia. We submit that those cases say nothing of the sort. They are not clearly established Supreme Court precedents saying that the lack of objection is irrelevant and you get windfall automatic reversal even when you don't raise the issue for four years as Mr. Seaton did or one year as Ms. Pino did. In fact, Justice Powell, in the very first sentence of Waller v. Georgia, states the issue is whether a hearing on a suppression motion may be closed to the public over the objection of the defendant consistent with the Sixth and Fourteenth Amendment public trial right. And there was a strenuous objection in both Waller and in Pressley v. Georgia. And the problem in Pressley v. Georgia where it was a voir dire, as in this case, and the judge briefly closed the courtroom to seat jurors, the problem was when defense counsel objected, the judge did not consider reasonable alternatives to closure and the state court record was abundantly clear that there were extra seats in the courtroom where the public could have been seated. And so what this really comes down to is the public trial right embodies four core values that Waller v. Georgia talks about, to ensure a fair trial, to remind the prosecutor and the judge of their responsibilities to the defendant, to encourage witnesses to come forward, and to discourage perjury. None of those core values were implicated in this case. And so when a defense attorney doesn't object, whether that be for strategic reasons or due to negligence, if those core values are not implicated, there still is no public trial violation and there is certainly neither deficient performance or resulting prejudice. There is clearly, I would state there is no clearly established Supreme Court precedent saying that the absence of an objection is irrelevant. In fact, the Supreme Court precedent, especially cases like Levine v. United States, followed by cases like Peretz, state, emphasized the need for an objection to bring these matters to the trial judge's attention so it can be cleared up quickly. At counsel, both attorneys go at length to discuss how Levine is not on point because it was a Fifth Amendment due process case. However, both the Fifth Amendment due process clause and the Sixth Amendment public trial clause are ultimately concerned with the fairness of the trial, the reliability of the proceedings, as is the Sixth Amendment right to effective counsel. So those cases, so if Levine is not on point, it is certainly a close cousin to the public trial cases such as Waller and such as Presley. And therefore, we submit requires a contemporaneous objection to trigger the Waller inquiry or at least a reasonable state court like the Wisconsin Supreme Court could so hold. And I would suggest that the thoroughness of the analysis of the Wisconsin Supreme Court, the painstaking review of these issues, and the thorough review of that decision by District Judge Griesbach shows that Waller... Is there a transcript or a recording of the voir dire? I believe there is a transcript in the record of the voir dire, if not the entire voir dire, part of it. I don't believe that there is a recording of it. But it's clear, you know, we have two different voir dires here and different things happen in each one. But, you know, the fact is, the constant in both these is that there was no objection to the court in relation to whatever occurred, even though it is clear that both attorneys were aware that the judge made the statement to exclude people, whoever was in there, and it's not clear who was in there from the public, to exclude people. Moreover, defense attorneys strategically told the judge a week before in Pinot's case that she agreed with the judge that the press should not be present in the courtroom during voir dire because of the highly sensitive nature of this rather peculiar case. So there was some strategic way where whether or not she also strategically waived the presence of other members of the public a week later during the voir dire itself or whether she negligently was unaware that those people had been excluded. But regardless, there was no objection. How can you exclude the press if you include the public? I don't get that. Pardon me? How can the press be excluded if the public is allowed in? I don't get it. Well, and I guess that begs the question of what can strategically be done here. Can the attorneys and the judge decide to exclude the press and let members of the public in or vice versa as often happens in the case where the press is present but maybe due to seating arrangements the public is kept out. And so it is a – and obviously the press have a separate First Amendment right of access. This is not a First Amendment case. There's no issue here of the press complaining about being denied access and certainly neither of the attorneys invoked the First Amendment in this case. But I agree that that's problematic, excluding one but not the other where you have room. But, again, I believe that clearly established – in fact, I think there is not – they have failed to show clearly established Supreme Court precedent that allows for automatic reversal without an objection. And, in fact, I would say that Waller v. Georges clearly establishes the opposite, that there has to be an objection. And when there is an objection, the judge then considers alternative to closure. And then, only then, would you get reversal if there's an error. And even then, the remedy for that error must be appropriate to the violation. It should not be a windfall automatic reversal years down the road for something that was inconsequential and did not adversely affect either defendant's right to a fair trial by an impartial jury. If there are no further questions, I'll conclude my argument. Okay. Thank you, Mr. O'Brien. So, Mr. Awicki or Mr. Donovan. Your Honors, the rule here was not firmly established as the State Court's brief admits. The State Court admits that – the State's brief admits that the public trial right with this Wisconsin Supreme Court decision has now been added to the list of rights requiring an objection. The State also describes the Wisconsin Supreme Court's decision as extending its forfeiture rule. And, also, if the Court of Appeals in this case didn't know if the requirement applied, there's no notice to defendants. And it's not fair to require that they would have notice of this rule either, especially because this Court's decision in Walton v. Briley had already held that it's unconstitutional to have – for a defendant to lose the right to a public trial simply by not objecting. What if the defendants' lawyers don't want the public admitted? Maybe these are unpopular defendants. They don't want people coming in and making faces and so on. Well, that may be the case, Your Honor. This is a right that must be – Pardon? Well, that may be the case. That's a – the public trial right's a right that, to be lost, must be voluntarily lost. But doesn't it suggest that the lawyers have a real interest here? And if they think it'll help their client to have members of the public come in, they'll do something. But they may feel, no, the public isn't going to like my clients. They're going to make faces. Your Honor – You're taking that away from them, right? Your Honor, the burden with the public trial right is on the court to satisfy the narrow exceptions. Pardon? The burden is on the trial court to ensure that the courtroom remains open, as Presley held. While there may be the case that a defendant may not want the trial open, that's not the case here. Ms. Pinto had her phrase there. But we know, for example, that some of the courts – all the state courts allow televising of judicial proceedings. But they'll sometimes make exceptions. For example, they won't permit televising of a criminal jury trial. So that's accepted. But that, of course, is excluding the vast public, roughly 300 million people. So there is some sense that there are competing considerations when you talk about a public trial. Your Honor, I see my time has expired, but just to answer your question, the importance of the public trial is just because sunlight is the best preventative medicine. Is what? Sunlight is the best preventative medicine, and it's important to have a courtroom available to the public to come in whenever they want. But that was forbidden here. You're not going to tell us that electric light is the best policeman, because then the fact that the lights are on inside court would satisfy Justice Brandeis, and there we are. Metaphorically, Your Honor. Okay. Thank you, Mr. Reed. Mr. Donovan? No? Okay. Okay, well, thank you very much.